UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.:

CIV-GRAHAM

MAGISTRATE JUDGE
GARBER

WILLIE CLARENCE FRANKLIN,

Plaintiff,

v.

FRANK SANCHEZ, individually
RONALD C. MILLER, individually,
BRYAN HOLMES, individually,
MARY TIGER, individually,
and KEN JENNE, as SHERIFF
OF BROWARD COUNTY, Florida,

Defendants.

2004 APR 12 PM 3:49

**COMPLAINT**
**INTRODUCTORY STATEMENT**

1. This is a civil action seeking money damages in excess of $ 15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant FRANK SANCHEZ, individually, Defendant RONALD C. MILLER, individually, Defendant BRYAN HOLMES, individually, Defendant MARY TIGER, individually, and Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. In the event of the removal of this action, the United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. If this action is

removed to the United States District Court for the Southern District of Florida, Plaintiff invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly the provisions of §768.28 of the Florida Statutes. (A copy of Plaintiff's notice letters and corresponding return receipts are attached hereto, and made a part hereof, as composite Exhibit "A.")

**PARTIES**

4. Plaintiff WILLIE CLARENCE FRANKLIN is a citizen and resident of Broward County, the State of Florida, and the Southern District of Florida.

5. At all times referred to herein, Defendant FRANK SANCHEZ [hereinafter SANCHEZ or Defendant SANCHEZ] was a deputy sheriff for Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, under the direction and control of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

6. At all times referred to herein, Defendant RONALD C. MILLER [hereinafter MILLER or Defendant MILLER] was a deputy sheriff for Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, under the direction and control of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

7. At all times referred to herein, Defendant BRYAN HOLMES [hereinafter HOLMES or Defendant HOLMES] was a deputy sheriff for Defendant KEN JENNE, as SHERIFF

of BROWARD COUNTY, Florida, under the direction and control of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

8. At all times referred to herein, Defendant MARY TIGER [hereinafter TIGER or Defendant TIGER] was a deputy sheriff for Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, under the direction and control of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

9. Defendant KEN JENNE, is the SHERIFF of BROWARD COUNTY, Florida, [hereinafter Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, or BROWARD COUNTY SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, acted through his agents, employees, and servants, including Defendant SANCHEZ, Defendant MILLER, Defendant HOLMES, Defendant TIGER, and others.

10. Plaintiff sues Defendant SANCHEZ, Defendant MILLER, Defendant HOLMES, and Defendant TIGER in their individual capacities.

## FACTS COMMON TO ALL COUNTS

11. On September 26, 2000, in Dania Beach, Florida, Johnny Franklin (the brother of Plaintiff Willie Franklin), sold crack cocaine to Defendant SANCHEZ, who was acting in an undercover capacity.

12. On December 19, 2000, Johnny Franklin was arrested for the offense of Delivery of Cocaine, based upon the sale to Defendant SANCHEZ on September 26, 2000.

13. At the time of his arrest on September 26, 2000, Johnny Franklin provided an address of 142 S.W. 5th Court, Dania Beach, Florida.

14. Following his arrest, Johnny Franklin failed to post bond and remained incarcerated in the Broward County Jail.

15. At all times material hereto, Plaintiff Willie Franklin was the owner of the house located at142 S.W. 5th Court, Dania Beach, Florida, and resided therein.

16. On *, 2001, Defendant SANCHEZ appeared for deposition in the matter of *State of Florida v. Johnny Franklin*, Case No.: 00-22138CF10A, and identified Johnny Franklin as the individual who sold Defendant SANCHEZ crack cocaine on September 26, 2000.

17. Johnny Franklin subsequently entered a plea of nolo contendere on July 2, 2001, to the offense of Delivery of Cocaine and was sentenced to 38.1 months in Florida State Prison with credit for 196 days time served (i.e., December 19, 2000 - July 2, 2001).

18. On November 16, 2001, while acting in an undercover capacity, Defendant SANCHEZ again purchased crack cocaine in Dania Beach, Florida. (A copy of video photographs of the subject who sold Defendant SANCHEZ crack cocaine on November 16, 2001, are attached hereto, and made a part hereof, as Exhibit "B.")

19. As of November 16, 2001, Johnny Franklin remained incarcerated as a result of his conviction on July 2, 2001, and 38.1 month sentence in Florida State Prison.

20. On December 26, 2001, Defendant MILLER executed an "Affidavit to Arrest" alleging under oath that Johnny Franklin sold cocaine to Defendant SANCHEZ on November 16, 2001, during an undercover narcotics operation conducted in the 100 Block of S.W. 6th Avenue, Dania Beach, Florida.

21. The "Affidavit to Arrest" alleged in part: "Johnny Franklin was positively identified by Det. Sanchez as the suspect who sold him the suspect crack cocaine, from past booking photos and Det. R. Miller. . . . At the time of the transaction Johnny Franklin was not in the care or custody of any B.S.O. correctional facility." (A copy of the "Affidavit to Arrest" is attached hereto, and made a part hereof, as Exhibit "C.")

22. At all times material hereto, the Florida Department of Corrections public access website reflected that as of November 16, 2001, Johnny Franklin remained incarcerated in Florida State Prison as a result of his conviction on July 2, 2001 for the offense of Delivery of Cocaine. (A copy of the "Offender Search" and photograph of Johnny Franklin from the Florida Department of Corrections public access website, www.dc.state.fl.us is attached hereto, and made a part hereof, as Exhibit "D.")

23. On December 26, 2001, the Honorable Illona M. Holmes, Circuit Court Judge, issued a "Warrant to Arrest" for the arrest of Johnny Franklin.

24. The "Warrant to Arrest" signed by Judge Holmes incorporated the "Affidavit to Arrest" executed by Defendant Miller on December 26, 2001, and set bond for Johnny Franklin at $7,500 dollars. (A copy of the "Warrant to Arrest" is attached hereto, and made a part hereof, as Exhibit "E.")

25. At approximately 4:00 a.m, on March 16, 2002, Defendant HOLMES and Defendant TIGER traveled to Plaintiff's residence, located at 142 S.W. 5th Court, Dania Beach, Florida.

26. On March 16, 2002, Johnny Franklin continued to reside in Florida State Prison.

27. Based on information and belief, prior to traveling to 142 S.W. 5th Court, Dania Beach, Florida, neither Defendant HOLMES nor Defendant TIGER checked either the Broward County Clerk of Court's public access computer system for Johnny Franklin's arrest on December 19, 2000 (*State of Florida v. Johnny Franklin*, Case No.: 00-22138CF10A), or conducted an "Offender Search" for Johnny Franklin on the Florida Department of Corrections public access website www.dc.state.fl.us.

28. At all times material hereto, the Clerk of Court's public access computer system and the Florida Department of Corrections public access website www.dc.state.fl.us reflected that Johnny Franklin was sentenced to 38.1 months Florida State Prison on July 2, 2001.

29. At all times material hereto, the Florida Department of Corrections public access website www.dc.state.fl.us reflected that Johnny Franklin had not been released from Florida State Prison as of March 16, 2002.

30. On March 16, 2002, Defendant HOLMES and Defendant TIGER forcibly entered Plaintiff's residence by breaking open (and thereby damaging) the front door, in the absence of Plaintiff's consent.

31. Defendant HOLMES and Defendant TIGER thereafter conducted a complete search of Plaintiff's residence, including but not limited to the search of various drawers, in the absence of Plaintiff's consent.

32. The search of Plaintiff's residence by Defendant HOLMES and Defendant TIGER failed to locate Johnny Franklin, insofar as Johnny Franklin remained in Florida State Prison on March 16, 2002.

33. Thereafter, Defendant BROWARD COUNTY SHERIFF'S OFFICE refused

Plaintiff's requests to repair or replace Plaintiff's front door.

34. At all times material hereto, the conduct of the Defendant SANCHEZ, Defendant MILLER, Defendant HOLMES, and Defendant TIGER, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

## COUNT I
## PLAINTIFF'S CLAIMS AGAINST DEFENDANT SANCHEZ INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant SANCHEZ individually, in Count I, Plaintiff states:

35. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 34.

36. Defendant SANCHEZ positively identified Johnny Franklin as the individual who committed the offense of Delivery of Cocaine on November 16, 2001, in the absence of probable cause.

37. At all times material hereto, it was reasonably foreseeable that the identification of Johnny Franklin as the individual who sold Defendant SANCHEZ crack cocaine would result in the issuance of a "Warrant for Arrest" of Johnny Franklin.

38. At all times material hereto, Defendant SANCHEZ' identification of Johnny Franklin as the individual who sold crack cocaine to Defendant SANCHEZ on November 16, 2001 resulted, as Defendant SANCHEZ knew, in Defendant HOLMES and Defendant TIGER, or others, concluding that Johnny Franklin was no longer incarcerated as a result of his arrest on December 19, 2000, for Delivery of Cocaine to Defendant SANCHEZ on September 26, 2000.

39. At all times material hereto, Defendant SANCHEZ knew it was reasonably

foreseeable that the issuance of a "Warrant for Arrest" of Johnny Franklin would result in Defendant HOLMES and Defendant TIGER, or others, concluding that, if Johnny Franklin was no longer incarcerated as a result of his arrest on December 19, 2000, Johnny Franklin was residing at 142 S.W. 5th Court, Dania Beach, Florida.

40. The conduct of Defendant SANCHEZ, as set forth herein, was objectively unreasonable and proximately caused the search of Plaintiff's residence at 142 S.W. 5th Court, Dania Beach, Florida, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

41. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, and has been brought into public scandal with great humiliation and mental suffering.

42. As a further direct and proximate result of the conduct of Defendant SANCHEZ, Plaintiff suffered the unlawful search of his residence and the destruction of his front door, as well as mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

**COUNT II**
**PLAINTIFF'S CLAIMS AGAINST DEFENDANT MILLER INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant MILLER individually, in Count II, Plaintiff states:

43. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 34.

44. Defendant MILLER positively identified Johnny Franklin as the individual who committed the offense of Delivery of Cocaine on November 16, 2001, in the absence of probable cause.

45. Defendant MILLER further executed an "Affidavit to Arrest" stating that at the time of the transaction Johnny Franklin was not in the care or custody of any B.S.O. correctional facility," notwithstanding the fact that Johnny Franklin was incarcerated in Florida State Prison on November 16, 2001.

46. At all times material hereto, it was reasonably foreseeable that the identification of Johnny Franklin as the individual who sold Defendant SANCHEZ crack cocaine would result in the issuance of a "Warrant for Arrest" of Johnny Franklin.

47. At all times material hereto, Defendant MILLER's identification of Johnny Franklin as the individual who sold crack cocaine to Defendant SANCHEZ on November 16, 2001 resulted, as Defendant MILLER knew, in Defendant HOLMES and Defendant TIGER, or others, concluding that Johnny Franklin was no longer incarcerated as a result of his arrest on December 19,

2000, for Delivery of Cocaine to Defendant SANCHEZ on September 26, 2000.

48. At all times material hereto, Defendant MILLER knew it was reasonably foreseeable that the issuance of a "Warrant for Arrest" of Johnny Franklin would result in Defendant HOLMES and Defendant TIGER, or others, concluding that if Johnny Franklin was no longer incarcerated as a result of his arrest on December 19, 2000, Johnny Franklin was residing at 142 S.W. 5th Court, Dania Beach, Florida.

49. The conduct of Defendant MILLER, as set forth herein, was objectively unreasonable and proximately caused the search of Plaintiff's residence at 142 S.W. 5th Court, Dania Beach, Florida, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

50. Alternatively, if the claims against Defendant MILLER resulted in a violation of Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution and *Franks v. Delaware*, the conduct of Defendant MILLER constitutes deliberate indifference to Plaintiff's clearly established rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, and, as was reasonably foreseeable, resulted in the violation of Plaintiff's right to be secure in his house, papers, and effects, against unreasonable search and seizure.

51. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, and has been brought into public scandal with great humiliation and mental suffering.

52. As a further direct and proximate result of the conduct of Defendant MILLER,

Plaintiff suffered the unlawful search of his residence and the destruction of his front door, as well as mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**FOURTH AMENDMENT CLAIM AGAINST DEFENDANT HOLMES, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant HOLMES, individually, in Count III, Plaintiff states:

53. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 34.

54. The conduct of Defendant HOLMES towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

55. Defendant HOLMES proximately caused the destruction of the front door of

Plaintiff's residence at 142 S.W. 5th Court, Dania Beach, Florida, and physically entered and unlawfully searched therein, including drawers, in the absence of Plaintiff's lawful consent, search warrant, or any other lawful authority, including exigent circumstances and probable cause to enter and search 142 S.W. 5th Court, Dania Beach, Florida.

56. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, and has been brought into public scandal with great humiliation and mental suffering.

57. As a further direct and proximate result of the conduct of Defendant HOLMES, Plaintiff suffered the unlawful search of his residence and the destruction of his property, and resulting mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FOURTH AMENDMENT CLAIM AGAINST DEFENDANT TIGER, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant TIGER, individually, in Count IV, Plaintiff states:

58. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 34.

59. The conduct of Defendant TIGER towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

60. Defendant TIGER proximately caused the destruction of the front door of Plaintiff's residence at 142 S.W. 5th Court, Dania Beach, Florida, and physically entered and unlawfully searched therein, including drawers, in the absence of Plaintiff's lawful consent, search warrant, or any other lawful authority, including exigent circumstances and probable cause to enter and search 142 S.W. 5th Court, Dania Beach, Florida.

61. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, and has been brought into public scandal with great humiliation and mental suffering.

62. As a further direct and proximate result of the conduct of Defendant TIGER, Plaintiff suffered the unlawful search of his residence and the destruction of his property, and resulting mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

**COUNT V**
**PLAINTIFF'S INVASION OF PRIVACY CLAIM AGAINST KEN JENNE, AS SHERIFF OF BROWARD COUNTY, FLORIDA**

For his cause of action against Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, FLORIDA, in Count V, Plaintiff states:

63. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 34.

64. Defendant HOLMES and Defendant TIGER proximately caused the destruction of the front door of Plaintiff's residence at 142 S.W. 5th Court, Dania Beach, Florida, and physically entered and unlawfully searched therein, including drawers, in the absence of Plaintiff's lawful consent, search warrant, or any other lawful authority, including exigent circumstances and probable cause to enter and search 142 S.W. 5th Court, Dania Beach, Florida.

65. The conduct of Defendant HOLMES and Defendant TIGER was objectively unreasonable and caused Plaintiff outrage, mental suffering, shame and humiliation and was undertaken in such a manner as to cause outrage, or mental suffering, shame or humiliation to a

person of ordinary sensibilities.

66. The conduct of Defendant HOLMES and Defendant TIGER was an invasion upon Plaintiff's physical solitude or seclusion, and constitutes invasion of privacy under Florida law.

67. The conduct of Defendant HOLMES and Defendant TIGER occurred during the course and scope of their employment as deputy sheriffs for Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

68. As a direct and proximate result of the acts described above, Plaintiff suffered grievously, and has been brought into public scandal with great humiliation and mental suffering.

69. As a further direct and proximate result of the conduct of Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, Plaintiff suffered the unlawful search of his residence and the destruction of his property, and resulting mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff rights.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**PLAINTIFF'S TRESPASS CLAIM AGAINST KEN JENNE, AS SHERIFF OF BROWARD COUNTY, FLORIDA**

For his cause of action against Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida, in Count VI, Plaintiff states:

70. Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 34.

71. The search of Plaintiff's residence by Defendant HOLMES and Defendant TIGER occurred in the absence of lawful authority, or probable cause and exigent circumstances.

72. The entry into Plaintiff's residence by Defendant HOLMES and Defendant TIGER constitutes trespass under Florida law.

73. The conduct of Defendant HOLMES and Defendant TIGER occurred during the course and scope of their employment as deputy sheriffs for Defendant KEN JENNE, as SHERIFF of BROWARD COUNTY, Florida.

74. As a direct and proximate result of the acts described above, the front door to Plaintiff's residence was destroyed.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

75. Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

HUGH L. KOERNER, P.A.
Attorneys for Plaintiff
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 522-1176 (Fax)
Email: hlkpa@fdn.com

By: ______________________
Hugh L. Koerner
Florida Bar No.: 716952

LAW OFFICES

HUGH L. KOERNER, P.A.

100 Southeast Sixth Street
FORT LAUDERDALE, FLORIDA 33301

TELEPHONE: (954) 522-1235
FACSIMILE: (954) 522-1176

July 1, 2002

**CERTIFIED MAIL RETURN RECEIPT # 7000 0600 0023 5159 9076**

The Honorable Ken Jenne, Sheriff
Broward County Sheriff's Office
2601 W. Broward Blvd.
Fort Lauderdale, FL 33311

**NOTICE OF CLAIM PURSUANT TO § 768.28**

| | | |
|---|---|---|
| Re: Claimant: | | Willie Clarence Franklin |
| | Date of Loss: | 3/16/02 |
| | Incident Location: | 142 S.W. 5th Court, Dania Beach, Florida |

Dear Sheriff Jenne:

Please be advised that I represent claimant Willie Clarence Franklin. The purpose of this correspondence is to serve notice of claim against Ken Jenne, as Sheriff of Broward County, pursuant to the requirements of § 768.28 of the Florida Statutes.

Willie Clarence Franklin was born on June 8, 1953, in Shorterville, Alabama. Mr. Franklin's Social Security Number is 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. The claimant has no prior adjudicated unpaid claims in excess of two hundred ($200.00) dollars owed to the State, or any of its agencies, officers, or subdivisions.

**Statement of claim**

In the early morning hours of March 16, 2002, members of the Broward County Sheriff's Office, including but not limited to Bryan Holmes and Mary Tiger, conducted a warrantless search of the claimant's residence, located at 142 S.W. 5th Court, Dania Beach, Florida. The search of the claimant's residence by Bryan Holmes, Mary Tiger, and others, as set forth herein, was in the absence of lawful authority, or probable cause and exigent circumstances.

The conduct of Bryan Holmes, Mary Tiger, and others, was in violation of the claimant's clearly established constitutional rights. The claimant's causes of action include, but are not limited to, civil rights and state tort claims for false arrest/false imprisonment, invasion of privacy, trespassing, failure to train, supervise, and discipline, and negligent hiring and retention. Claimant's

EXHIBIT
tabbies
A

damages exceed one hundred thousand ($100,000.00) dollars.

Very truly yours,

Hugh L. Koerner

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X 7/3/02 ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery |
| 1. Article Addressed to:<br>The Honorable Ken Jenne, Sheriff<br>Broward County Sheriff's Office<br>2601 W. Broward Blvd.<br>Fort Lauderdale, FL 33311 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |

2. Article Number
(*Transfer from service label*) 7000 0600 0023 5159 9076

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

LAW OFFICES

HUGH L. KOERNER, P.A.

100 Southeast Sixth Street
FORT LAUDERDALE, FLORIDA 33301

TELEPHONE: (954) 522-1235
FACSIMILE: (954) 522-1176

July 1, 2002

**CERTIFIED MAIL RETURN RECEIPT # 7000 0600 0023 5159 9069**

The Honorable Tom Gallagher
Insurance Commissioner
J. Edwin Larson Bldg.
Process Division Room 165
Tallahassee, FL 32399-0300

**NOTICE OF CLAIM PURSUANT TO § 768.28**

| | | |
|---|---|---|
| Re: | Claimant: | Willie Clarence Franklin |
| | Date of Loss: | 3/16/02 |
| | Incident Location: | 142 S.W. 5th Court, Dania Beach, Florida |

Dear Commissioner Gallagher:

Please be advised that I represent claimant Willie Clarence Franklin. The purpose of this correspondence is to serve notice of claim against Ken Jenne, as Sheriff of Broward County, pursuant to the requirements of § 768.28 of the Florida Statutes.

Willie Clarence Franklin was born on June 8, 1953, in Shorterville, Alabama. Mr. Franklin's Social Security Number is 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. The claimant has no prior adjudicated unpaid claims in excess of two hundred ($200.00) dollars owed to the State, or any of its agencies, officers, or subdivisions.

**Statement of claim**

In the early morning hours of March 16, 2002, members of the Broward County Sheriff's Office, including but not limited to Bryan Holmes and Mary Tiger, conducted a warrantless search of the claimant's residence, located at 142 S.W. 5th Court, Dania Beach, Florida. The search of the claimant's residence by Bryan Holmes, Mary Tiger, and others, as set forth herein, was in the absence of lawful authority, or probable cause and exigent circumstances.

The conduct of Bryan Holmes, Mary Tiger, and others, was in violation of the claimant's clearly established constitutional rights. The claimant's causes of action include, but are not limited to, civil rights and state tort claims for false arrest/false imprisonment, invasion of privacy,

trespassing, failure to train, supervise, and discipline, and negligent hiring and retention. Claimant's damages exceed one hundred thousand ($100,000.00) dollars.

Very truly yours,

Hugh L. Koerner

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Honorable Tom Gallagher
Insurance Commissioner
J. Edwin Larson Bldg.
Process Division Room 165
Tallahassee, FL 32399-0300

2. Arti
(Tra

PS Fo

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

DEPARTMENT OF INSURANCE TREASURER AND FIRE MARSHAL SINEATH MAIL CENTER SUPERVISOR

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JUL 05 2002

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

102595-01-M-2509


11-16-01 FRI 000 8
21:21:21
11-16-01 FRI 000 8
21:21:25
11-16-01 FRI 000 8
21:21:23

EXHIBIT
B

Docket No. #01-383 AF10

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

**STATE OF FLORIDA**

**vs.**

**Johnny Franklin, B/M, DOB 06/17/49** 6'1 200

**AFFIDAVIT**
**To Arrest**

BEFORE ME, JUDGE of the Circuit Court of the Seventeenth Judicial District in and for Broward County, State of Florida, personally came Detective Ronald J. Miller CCN 7024, Broward County Sheriff's Office, who after being duly sworn, deposes and says that on the 16th day of November, A.D. 2001, in the County and State aforesaid, one Johnny Franklin did then and there unlawfully:

Delivery of a controlled substance to Wit: Cocaine, violation of F.S.S. 893.13 (1 Count).

On 11/16/01, members of the B.S.O Street Crimes Unit conducted a narcotics operation at the 100 blk of SW 6 Ave, Dania Beach, Broward County Florida.

During the operation Detective F. Sanchez # 7897 posed as a street level drug buyer/user. With the use of a confidential vehicle, Det. F. Sanchez made contact with Johnny Franklin on the side of the road. Johnny Franklin walked up to the drivers side window and Det. F. Sanchez asked him for a "twenty", which is a street term for a twenty dollar rock of crack cocaine. Johnny Franklin walked away from the vehicle and returned a short time later. Johnny Franklin handed Det. F. Sanchez one suspect crack cocaine rock , and then Det. Sanchez handed Johnny Franklin a $20.00 bill in official investigative funds.

Johnny Franklin was positively identified by Det. Sanchez as the suspect who sold him the suspect crack cocaine, from past booking photos and Det. R. Miller.

The transaction was captured on video. The suspect crack cocaine, (1) rock, field tested positive.

At the time of the transaction Johnny Franklin was not in the care or custody of any B.S.O. correctional facility.

EXHIBIT C

**STATE OF FLORIDA**

**vs.**

**AFFIDAVIT**
**To Arrest**

**Johnny Franklin, B/M, DOB 06/17/49**

The offense(s) set forth in the foregoing Affidavit is/are contrary to the statute(s) in such case made and provided, and against the peace and dignity of the State of Florida.

Sworn to and subscribed before me

this 26th day of December,

A.D. 2001.

(Seal)
JUDGE CIRCUIT COURT

Affiant

RECEIVED this Warrant the ________

day of ____________, 20__________

and executed the same on the ______

day of ____________, 20__________
by arresting the within-named Defendant and having him/her now before the Court.

ARREST ....

RETURN ....

MILEAGE ...

COMMITMENT ..

RECOMMITMENT.

RELEASE ...

TOTAL ...

________________________ SHERIFF

By ________________________ D.S.

BOND is hereby fixed at $ 7,500.00

RETURN DATE on this Warrant to be not later than the Sine die day of

__________________, 20___.

Ilona M. Holmes
Judge

IN THE CIRCUIT COURT OF THE SEVENTEETH JUDICIAL CIRCUIT,

IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA

vs.

**WARRANT**

MyFlorida.com
my Florida
Public Safety

Florida Department of CORRECTIONS

HIGHLIGHTS REPORTS FACILITIES OFFENDER SEARCH FAQs SEARCH CONTACT

OFFENDER SEARCH

*Corrections Offender Network*

## Inmate Population Information Detail

(This information was current as of 7/27



| | |
|---|---|
| **DC Number:** | 287977 |
| **Name:** | FRANKLIN, JOHNNY |
| **Race:** | BLACK |
| **Sex:** | MALE |
| **Hair Color:** | BLACK |
| **Eye Color:** | BROWN |
| **Height:** | 6'03" |
| **Weight:** | 260 |
| **Birth Date:** | 06/17/1949 |
| **Initial Receipt Date:** | 07/10/2001 |
| **Current Facility:** | OPA LOCKA W.R.C. |
| **Current Classification Status:** | NOT APPLICABLE |
| **Current Custody:** | COMMUNITY |
| **Current Release Date:** | 08/29/2003<br>(Release Date subject to change pendin gain time award, gain time forfeiture, o review. A 'TO BE SET' Release Date is established pending review.) |

| **Aliases:** | |
|---|---|
| JOHNNIE FRANKLIN | JOHNNY FRANKLIN |
| JOHNNY C FRANKLIN | JOHNNY L FRANKLIN |
| WILLIE FRANKLIN | JOHNNIE FRANLKIN |
| JOHNNY FRANLKIN | |

| **Identifiers:** |
|---|
| FINGERPRINT CLASS - DOCI061014DI11110911 |

EXHIBIT
D

| Current Prison Sentence History: | | | | | |
|---|---|---|---|---|---|
| **Offense Date** | **Offense** | **Sentence Date** | **County** | **Case No.** | **Prison Sentence Length** |
| 09/26/2000 | COCAINE-SALE/MANUF/DELIV. | 07/02/2001 | BROWARD | 0022138 | 3Y 2M 3D |
| 10/27/2000 | COCAINE-SALE/MANUF/DELIV. | 07/02/2001 | BROWARD | 0022138 | 3Y 2M 3D |

*Note: The offense descriptions are truncated and do not necessarily reflect the crime of convictio*
*Please refer to the court documents or the Florida Statutes for further information or definition.*

| Incarceration History: | |
|---|---|
| **Date In-Custody** | **Date Out-of-Custody** |
| 04/22/1997 | 09/23/1998 |
| 07/10/2001 | Currently Incarcerated |

| Prior Prison History: (Note: Data reflected covers periods of incarceration with the Florida Dept.of Corrections since January of 1983) | | | | | |
|---|---|---|---|---|---|
| **Offense Date** | **Offense** | **Sentence Date** | **County** | **Case No.** | **Prison Sentence Length** |
| 08/07/1996 | COCAINE-SALE/MANUF/DELIV. | 04/17/1997 | BROWARD | 9615008 | 2Y 0M 0D |

| Prior Community Supervision History: (Note: Data reflected covers periods of community supervision with the Florida Dept.of Corrections since January of 198 | | | | | |
|---|---|---|---|---|---|
| **Offense Date** | **Offense** | **Sentence Date** | **County** | **Case No.** | **Commu Supervi Length** |
| 04/03/1986 | GRAND THEFT,$300 LESS &20,000 | 04/11/1986 | DUVAL | 8507751 | 0Y 6M C |
| 05/03/1991 | BURG/DWELL/OCCUP.CONVEY | 11/12/1991 | BROWARD | 9115601 | 2Y 0M C |
| 08/07/1996 | COCAINE-SALE/MANUF/DELIV. | 09/16/1996 | BROWARD | 9615008 | 2Y 0M C |
| 05/07/1996 | COCAINE-SALE/MANUF/DELIV. | 12/12/1996 | BROWARD | 9615008 | 2Y 0M C |

*The Florida Department of Corrections updates this information regularly, to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information this site may not reflect the true current location, status, release date, or other information regar an inmate.*

*This database contains public record information on felony offenders sentenced to the Departme Corrections. This information only includes offenders sentenced to state prison or state supervisi Information contained herein includes current and prior offenses. Offense types include related crimes such as attempts, conspiracies and solicitations to commit crimes. Information on offende sentenced to county jail, county probation, or any other form of supervision is not contained. The information is derived from court records provided to the Department of Corrections and is mad available as a public service to interested citizens. The Department of Corrections makes no guarantee as to the accuracy or completeness of the information contained herein. Any person w believes information provided is not accurate may contact the Department of Corrections.*

*For questions and comments, you may contact the Department of Corrections, Bureau of Classification and Central Records, at (850) 488-9859 or go to Frequently Asked Questions Abo Inmates for more information. This information is made available to the public and law enforcem in the interest of public safety.*

---

First | Previous | Next | Last | Return to List | New Search | Record:

Search Criteria: Last Name: franklin First Name: john Sex: ALL Race: ALL Offense Category: ALL Identi Type: ALL County of Commitment: ALL Current Location: ALL Eye Color: ALL Hair Color: ALL

---

Return to Corrections Offender Information Network

---

Home | Highlights | Reports | Facilities | Offender Search | FAQs | Search | Contact
Privacy Policy

Franklin, Johnny
B M 06-17-49

#01-383 AFR

Docket No.__________Page 1

# IN THE CIRCUIT/COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA.

STATE OF FLORIDA

vs. WARRANT TO ARREST

JOHNNY FRANKLIN

*DELIVERY OF COCAINE*

IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR THE SHERIFFS AND CONSTABLES OF THE STATE OF FLORIDA:

WHEREAS, Detective Ronald J. Miller of the Broward Sheriff's Office has this day made oath before me that on the 16th day of November, A.D., 2001, in the County aforesaid, one JOHNNY FRANKLIN did unlawfully deliver to Frank Sanchez a controlled substance, to-wit: Cocaine, contrary to F.S. 893.03(2)(a)4., and F.S. 893.13(1)(a)1.,(L5),

The offense(s) set forth in the foregoing Warrant is/are contrary to the statute(s) in such case made and provided, and against the peace and dignity of the State of Florida. Attached hereto and made a part hereof by incorporation is the Affidavit executed by Detective Ronald J. Miller, Affiant herein.

THESE ARE, THEREFORE, to command you forthwith to arrest the said JOHNNY FRANKLIN, and bring him/her before me to dealt with according to law.

Given under my hand and seal this 26th day of December, A.D. 2001.

Ilona M. Holmes
HONORABLE
Judge of the Circuit/~~County~~ Court

SHERIFF'S ACTIVE WARRANTS UNIT
2001 DEC 26 PM 2:42

EXHIBIT
E

JS44 (Rev. 03/99)

# CIVIL COVER SHEET

04-60458

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

**I(a) PLAINTIFFS** Willie Clarence Franklin

**DEFENDANTS** Frank Sanchez, individually, Ronald C. Miller, individually, Bryan Holmes, individually, Mary Tiger, individually, and Ken Jenne, as Sheriff of Broward County, Florida

CIV-GRAHAM

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Hugh L. Koerner, Esq., Hugh L. Koerner, P.A.., 100 Southeast Sixth Street, Fort Lauderdale, FL 33301 Tel: 954/522-1235 Fax: 954/522-1176

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE GARBER

0:04cv 60458 DLG/BLG

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 **U.S. Government Plaintiff**
- XX3 **Federal Question** (U.S. Government Not a Party)
- ☐ 2 **U.S. Government Defendant**
- ☐ 4 **Diversity** (Indicate Citizenship of Parties IN Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| **Citizen of This State** | ☐ 1 | ☐ 1 | **Incorporated *or* Principal Place of Business in This State** | ☐ 4 | ☐ 4 |
| **Citizen of Another State** | ☐ 2 | ☐ 2 | **Incorporated *and* Principal Place Of Business in Another State** | ☐ 5 | ☐ 5 |
| **Citizen or Subject of a Foreign Country** | ☐ 3 | ☐ 3 | **Foreign Nation** | ☐ 6 | ☐ 6 |

## IV. ORIGIN

*(PLACE AN x IN ONE BOX ONLY)*

- XX 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT *(PLACE AN x IN ONE BOX ONLY)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ref. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 IWC/DIWW(405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- X 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus Other
- ☐ 550 Other

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1983 based on unlawful search of residence.

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

X **DEMAND** (in excess of $ 15,000)

*Check YES only if demanded IN complaint:*
**JURY DEMAND:** XX YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions)
JUDGE ________ DOCKET NUMBER ________

DATE 4/12/04

SIGNATURE OF ATTORNEY OF RECORD

Fla. Bar # 716952

FOR OFFICE USE ONLY

RECEIPT # 537919  AMOUNT 150  APPLYING IFP ______  JUDGE ______  MAG. JUDGE ______